UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CLIFFORD M. TRYON, | ) | CASE NO. 1:08 CV 2849 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF FLORIDA SDU, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Clifford M. Tryon filed this action against the State of Florida SDU. He claims child support payments have been deducted fraudulently from his Social Security Disability checks. He seeks injunctive relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## BACKGROUND

Tryon was a party to a child support proceeding in the State of Florida. He claims he was not served with a copy of the court's child support order. He contends his former spouse, Mary Lou Hutson, forged his signature on a court document and Hutson's new mother-in-law notarized it. Based on this document, child support payments are deducted from Tryon's social security disability check each month. Tryon further contends Hutson failed to abide by visitation orders and

denied him contact with his son and daughter. He claims he has established a relationship with his son, but has not seen his daughter in 18 years. Tryon claims he should not be required to pay child support pursuant to the Florida court order. He seeks injunctive relief.

**ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

Upon initial review of the Complaint, it is apparent the Northern District of Ohio is not the proper venue for this action. The Complaint does not assert a violation of federal law. Jurisdiction must therefore be premised, if at all, on diversity of citizenship. A civil action wherein jurisdiction is founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). The Defendant is the State of Florida and all of the specific events and omissions of which Plaintiff complains occurred in that state. Although Tryon resides in Ohio, the Plaintiff's residence is not one of the statutory criteria to establish venue in this Court. An action in which venue is improper is required to be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. 28 U.S.C. § 1406(a). For the reasons stated below, the Court

finds it would not be in the interest of justice to transfer this matter.

Plaintiff asks this Court to vacate the Florida child support order and permit him to argue his case.  United States district courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.  *Id.*  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights.  *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).  Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action.  *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis.  First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding.  *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Id.*  The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the

-3-

state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

In the present action, Plaintiff directly attacks the state court's child support assessment order. All of the allegations in the Complaint concern specific grievances that the law was incorrectly applied to Plaintiff's case, and are clearly predicated on his belief that the state court was mistaken in rendering its decisions against him. He challenges the validity of the judgment. Any review of the matter would require the Court to review the specific issues addressed by the Florida court. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

Finally, even if the Court could construe this matter as anything other than a challenge to the state court judgment, Plaintiff fails to state a claim upon which relief may be granted. Tryon does not identify any legal cause of action in his Complaint, which consists entirely of a short narrative of facts. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the

district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Moreover, Plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on the Defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the Complaint does not sufficiently state a claim upon which relief may be granted.

## CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed under 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 2/9/09

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-5-